KLEINFELD, Circuit Judge, with whom Judges KOZINSKI and O’SCANNLAIN, Circuit Judges,
join, dissenting:
I agree in large part with Judge Bybee’s dissent and join in Parts II and III. His analysis of the majority and concurring opinions is in my view correct.
I write separately because I do not agree with Judge Bybee’s view that Title VII provides the standard of review in this case. Title VII prohibits discrimination in employment.[1] This case does not involve employment. Title VII has nothing to do with exclusion of students from schools because of race. Nor is there a need to mine Title VII for some sort of analogy.[2]
The recent U.S. Supreme Court decisions about affirmative action, Grutter[3] and Gratz,[4] also have nothing to do with this case. Those cases involved whether racial discrimination by public schools under affirmative action plans violated the Equal Protection Clause of the Fourteenth Amendment. This case does not involve a public school or state action, so Grutter, Gratz, and the Equal Protection Clause do not come into the analysis.
We are not free to treat Hawaiian ancestry as a political rather than racial designation under Morton v. Mancari[5] because the Supreme Court held in Rice v. Cayeta-no that Hawaiian ancestry is a “racial classification.” [6] If Congress chooses to define persons of Native Hawaiian ancestry as Indians under 25 U.S.C. § 479 or some *888 other provision, perhaps it can.[7] But it has not.
This case is considerably simpler. In practice, Kamehameha Schools excludes students who do not have Native Hawaiian ancestry. The Kamehameha Schools are admirable in many ways, and there are good historical and social reasons why reasonable people might want to follow just such a policy. But we are not free to make a social judgment about what is best for Hawaiians. We are stuck with a case that is before us in our capacity as judges and we have to follow the law.
The law we have to follow was laid down by the Supreme Court in Runyon v. McCrary.[8] Runyon holds that the Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits a private school from denying admission to prospective students because of their race.[9] It might have been thought that Runyon prohibited discrimination only against black people, but we are not free to interpret it that way. In McDonald v. Santa Fe Trail Transportation, the Supreme Court decided that the statute construed in Runyon, 42 U.S.C. § 1981, protects whites as well as nonwhites from discrimination.[10] A fortiori it protects all the ethnic groups in Hawaii: blacks, Filipino-Americans, Japanese-Americans, American Samoans, Chinese-Americans, and all the others, regardless of their ancestry.
In my view, that is the end of the analysis. I might have preferred to avoid deciding this case, if some jurisdictional defect existed. But we do have jurisdiction. Employment law, Indian law, our admiration for Kamehameha Schools, and our sentiments about public policy are irrelevant.
I respectfully dissent.

. See 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.”).

. Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), speaks to both Title VII and 42 U.S.C. § 1981. Because Patterson was an employment case covered in part by each statute, it does not speak to exclusion from a private school by reason of race.

. Grutter v. Bollinger, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304 (2003).

. Gratz v. Bollinger, 539 U.S. 244, 123 S.Ct. 2411, 156 L.Ed.2d 257 (2003).

. 417 U.S. 535, 94 S.Ct 2474, 41 L.Ed.2d 290 (1974).

. Rice v. Cayetano, 528 U.S. 495, 522, 120 S.Ct. 1044, 145 L.Ed.2d 1007 (2000).

. See Rice v. Cayetano, 528 U.S. 495, 519, 120 S.Ct. 1044, 145 L.Ed.2d 1007 (2000).

. 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

. Runyon v. McCrary, 427 U.S. 160, 172-73, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 280, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).